# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1559 | **DATE** | 9/10/2002 |
| **CASE TITLE** | United States of America vs. Richmond and Black | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the Court is the Government's motion to hold Defendant Rex. E. Black in contempt of court. The Court grants the Government's motion. See attached Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 1 3 2002 | 50 |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 1559 |
| | ) | HONORABLE CHARLES R. NORGLE |
| MICHAEL D. RICHMOND AND REX E. | ) | |
| BLACK, d/b/a THE LIBERTY | ) | |
| NETWORK, LIBERTY ESTATE | ) | |
| PLANNING, THE LIBERTY INSTITUTE, | ) | |
| FIDUCIARY MANAGEMENT GROUP, | ) | |
| NATIONAL COUNCIL OF CERTIFIED | ) | |
| ESTATE PLANNERS, ASSOCIATION | ) | |
| FOR CERTIFIED ESTATE PLANNING | ) | |
| ATTORNEYS, and EAGLE | ) | |
| PUBLICATION TRUST, | ) | |
| Defendants. | ) | |

## ORDER

CHARLES R. NORGLE, District Judge:

Before the Court is the Government's motion to hold Defendant Rex E. Black in contempt of court. The Court grants the Government's motion and issues the following order.

## FACTUAL FINDINGS

By an order dated June 14, 2002, the Court permanently enjoined Black from the following:

> a. Organizing or selling his abusive tax shelters, or instruction others to sell his abusive tax shelters through Liberty Institute courses;
> b. Making false statements about the tax benefits of his tax shelters;
> c. Instructing or advising taxpayers to understate their federal tax liabilities, and;
> d. Engaging in similar conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

The order required Black, by June 24, 2002 to:

> a. Provide the United States with a complete list of clients (including names, addresses, phone numbers, and social security numbers or employer identification numbers) who have purchased Contract Business Trusts or Family Estate Trusts, or who have obtained any services from Fiduciary Management Group, including but not limited to tax return preparation and trustee services;
> b. Maintain the websites, www.mcep.com, www.libertyinsitute.com, www.nationalCEP.com, and display prominently on the first page of those websties a copy of this Court's order of injunction; and
> c. Mail a copy of the Complaint and Injunction Order to all trust customers, tax return preparation customers, and all course attendees at any Liberty Institute course from 1995 to the present.

Black has failed to comply with any of these provisions.

## FINE

Beginning within 21 days from the date this Contempt Order is issued, until Black fully complies with the June 14, 2002 Injunction Order, and until he fully pays all fines imposed pursuant to this Contempt Order, a $2,000 daily fine will be imposed against Black, payable to the Clerk of the Court, Michael Dobbins.

## CONDITION TO PURGE THE CONTEMPT

In addition to payment of all fines imposed pursuant to this Order, the following condition must be satisfied to purge the contempt:

> 1. Provide the United States with a complete list of clients (including names, addresses, phone numbers, and social security numbers or employer identification numbers) who have purchased Contract Business Trusts or Family Estate Trusts, or who have obtained any services from Fiduciary Management Group, including but not limited to tax return preparation and trustee services;
> 2. Maintain the websites, www.mcep.com, www.libertyinsitute.com, www.nationalCEP.com, and display prominently on the first page of those websties a copy of this Court's order of injunction; and
> 3. Mail a copy of the Complaint and Injunction Order to all trust customers, tax return preparation customers, and all course attendees at any Liberty Institute course from 1995 to the present.

Should Black fail to pay all fines associated with this Order, or should he fail to fully comply with the June 14, 2002 Injunction Order, the Government is directed to file a motion, supporting affidavit, and proposed arrest order with the Court.

IT IS SO ORDERED

ENTER:

*[signature: Charles Norgle]*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 9-10-02

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 1559 |
| | ) | HONORABLE CHARLES R. NORGLE |
| MICHAEL D. RICHMOND AND REX E. BLACK, d/b/a THE LIBERTY NETWORK, LIBERTY ESTATE PLANNING, THE LIBERTY INSTITUTE, FIDUCIARY MANAGEMENT GROUP, NATIONAL COUNCIL OF CERTIFIED ESTATE PLANNERS, ASSOCIATION FOR CERTIFIED ESTATE PLANNING ATTORNEYS, and EAGLE PUBLICATION TRUST, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

CHARLES R. NORGLE, District Judge:

Before the Court is the Government's motion to hold Defendant Rex E. Black in contempt of court. For the following reasons, the Court grants the Government's motion.

### I. BACKGROUND[1]

This case involves the promotion of abusive tax schemes and false statements about the tax laws. The Government filed a civil action on March 4, 2002, to enjoin Rex Black ("Black") and Michael Richmond ("Richmond") from promoting abusive tax schemes. Specifically, Black and Richmond advised customers to claim unallowable federal tax benefits. Black and Richmond further

---

[1] The court takes the facts from the court file as well as the brief submitted by the Government. Defendant's only response to the Government's motion for contempt was the statements he made at the hearing on September 6, 2002. (See Transcript of Contempt Hearing, September 6, 2002, Ex. A).



prepared tax returns for their customers claiming unallowable deductions resulting in substantial understatements. On June 14, 2002 this Court found Black and Richmond in violation of 26 U.S.C. § 7402, 26 U.S.C. § 7407, and 26 U.S.C. § 7408 of the Internal Revenue Code. The Court permanently enjoined Black from:

> - Organizing or selling his abusive tax shelters, or instructing others to sell his abusive tax shelters through Liberty Institute course;
> - Making false statements about the tax benefits of his tax shelters;
> - Instructing or advising taxpayers to understate their federal tax liabilities, and
> - Engaging in similar conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

The Court's order also required Black, by June 24, 2002, to:

> - Provide the United States with a complete list of clients (including names, addresses, phone numbers, and social security numbers or employer identification numbers) who have purchased Contract Business Trusts or Family Estate Trusts, or who have obtained any services from Fiduciary Management Group, including but not limited to tax return preparation and trustee services;
> - Maintain the websites, www.mcep.com, www.libertyinsitute.com, www.nationalCEP.com, and display prominently on the first page of those websites a copy of this Court's Order of Injunction; and
> - Mail a copy of the Complaint and Injunction Order to all trust customers, tax return preparation customers, and all course attendees at any Liberty Institute course from 1995 to the present.

On September 6, 2002 the Government presented this motion for contempt of court against Black. Black appeared at the hearing for presentment of the motion, but he offered no response to the motion nor did he ask for time to respond. Rather, Black continually deferred stating his name to the Court and challenged the Court's right to know his name. (See Transcript of Contempt Hearing, September 6, 2002, Ex. A); see also John Coe v. County of Cook, 162 F.3d 491, 498 (7th Cir. 1998) (Parties to federal litigation must litigate under their real names).

2

## II. DISCUSSION

Civil contempt proceedings arise under 18 U.S.C. § 401(3). "A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." United States v. Dowell, 257 F.3d 694, 699 (7th Cir. 2001) (quoting Jones v. Lincoln Elec. Co., 188 F.3d 709, 737 (7th Cir. 1999)). To hold a party or witness in civil contempt, the court must be able to point to an order which specifically sets forth an unequivocal command that the party in contempt violated. See Jones, 188 F.3d at 738. Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complaintant for losses sustained as a result of the contumacy. Dowell, 257 F.3d at 699 (citing Jones, 188 F.3d at 738). The proof for civil contempt must be clear and convincing. Dowell, 257 F.3d at 699 (citing Stotler & Co. v. Able, 870 F.2d 1158, 1163 (7th Cir. 1989)). The court does not have to find that the violation was willful, and may find a party in civil contempt if that party has not been reasonably diligent and energetic in attempting to accomplish what was ordered. Goluba v. School Dist. of Ripon, 45 F.3d 1035, 1037 (7th Cir. 1995)

A district court has broad discretion to fashion sanctions in a contempt proceeding. See South Suburban Housing Center v. Berry, 186 F.3d 851, 854 (7th Cir. 1999). Appropriate sanctions may include a coercive daily fine, a compensatory fine, attorneys' fees and costs, and coercive incarceration. See In the Matter of Grand Jury Proceedings, 280 F.3d 1103, 1109-1110 (7th Cir. 2002).

It is clear that Black has not complied with any aspect of the Court's Order of June 14, 2002. The Court need not look any further than the "Conditional Acceptance" that Black filed with the

Court on June 26, 2002. (See R. 40.) Black's "Conditional Acceptance" is a blatant refusal to acknowledge the validity of the injunction issued by the Court. (See id.) As further evidence of a refusal to acknowledge the validity of the injunction, Black has failed to take any of the steps the Court instructed. Black has failed to provide a client list to the Government, failed to post a copy of the Court's Order of June 14, 2002 on any of his websites, and failed to provide any of his clients or course attendees with copies of the Court's Order of June 14, 2002 or the Government's Complaint. (See Shoemaker Decl., ¶ 2; Cantrell Decl., ¶¶ 3 and 5.) Based on Black's stated as well as demonstrated refusal to acknowledge or comply with the Court's order, the Court finds Black in contempt of the Court's Order of June 14, 2002.

### III. CONCLUSION

For the foregoing reasons, the Government's motion for contempt of court is granted.

IT IS SO ORDERED

ENTER:

*Charles R. Norgle* (signature)

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 9-10-02

4

```
 1            FOR THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3  UNITED STATES OF AMERICA,    )
                                 )
 4          Plaintiff,           )   02 C 1559
                                 )
 5     vs.                       )   Chicago, Illinois
                                 )   September 6, 2002
 6  MICHAEL D. RICHMOND, et al., )   9:30 a.m.
                                 )
 7          Defendants.          )

 8                    TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE CHARLES RONALD NORGLE, SR.
 9

10  APPEARANCES:

11  For the Plaintiff:           UNITED STATES
                                 DEPARTMENT OF JUSTICE
12                               Post Office Box 7238
                                 Ben Franklin Station
13                               Washington, DC  20044
                                 BY:  MS. KARI M. LARSON
14                                    (202) 514-6540

15  Defendant, Pro Se:           MR. REX EUGENE SEMI-COLON BLACK

16  Court Reporter:              MS. MAELLEN E. PITTMAN, RDR, FCRR
                                 219 South Dearborn Street
17                               Room 2342
                                 Chicago, Illinois  60604
18                               (312) 435-5576

19

20

21

22

23

24

25
```

1       (Proceedings heard in open court:)
2       THE CLERK:  02 C 1559, United States versus Michael
3  Richmond.  Motion for contempt.
4       MS. LARSON:  Good morning, your Honor.  Kari Larson
5  for the United States.
6       THE COURT:  Good morning.
7       MR. RICHMOND:  Mr. Clerk, are you calling for the
8  creditor or the debtor in this issue?
9       THE COURT:  What is your name, please?
10      MR. RICHMOND:  Are you calling for the creditor or
11 the debtor in this issue?
12      THE COURT:  What is your name?
13      MR. RICHMOND:  I'm the secured party for this debtor.
14      THE COURT:  What is your name?
15      MR. RICHMOND:  My Christian name, living sentient
16 mean -- being.  It's Rex Eugene Semi-Colon Black.
17      THE COURT:  Do you have any other names?
18      MR. RICHMOND:  Pardon?
19      THE COURT:  Do you have any other names?
20      MR. RICHMOND:  I'm the secured party for the debtor
21 of this issue.
22      THE COURT:  What is your name?
23      MR. RICHMOND:  And I request the release of the order
24 --
25      THE COURT:  What is your name?

```
 1              MR. RICHMOND:  -- to me.
 2              THE COURT:  What is your name?
 3              MR. RICHMOND:  What is your name?
 4              THE COURT:  Please be seated.  We will call the case
 5    later.
 6              MS. LARSON:  Okay.
 7              MR. RICHMOND:  I would like --
 8              THE COURT:  Be seated.  Be seated.
 9         (The Court attends to other matters on its call,
10         afterwhich the following further proceedings were heard in
11         open court:)
12              THE CLERK:  02 C 1559, United States versus Michael
13    Richmond.  Motion for contempt of Rex E. Black.
14              THE COURT:  Who represents the plaintiff?
15              MS. LARSON:  Kari Larson for the United States.
16              THE COURT:  And what is your name?
17              MR. RICHMOND:  The question that was on the table is
18    are you calling for the creditor or the debtor in this issue.
19    If not, I am the secured party to this matter.
20              Here are the original papers that were sent, and they
21    are accepted and returned to the parties from which they came
22    from.  And I ask that the order of Court be released unto me.
23              THE COURT:  Is there anything further you wish to
24    say?
25              MR. RICHMOND:  No, sir.
```

4

1      THE COURT:  All right.  The matter is under
2 advisement.  I will issue an order shortly.
3      MS. LARSON:  Thank you, your Honor.
4      (Proceedings concluded.)
5                      CERTIFICATE
6      I hereby certify that the foregoing is a true and
7 correct transcript of proceedings in the above-entitled case.
8
9
10 _____     9-10-02
   Maellen E. Pittman              Date
11 Official Court Reporter